**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**JAMES J. BROWN, No. 62283-061,**

               **Petitioner,**

**vs.**                                  **Case No. 12-cv-324-DRH**

**WENDY J. ROAL,**

               **Respondent.**


**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, Chief Judge:**

     This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Marion, Illinois (FCI-Marion), brings this habeas corpus action pursuant to 42 U.S.C. § 2241 to challenge his inmate security classification and place of confinement.  Petitioner does not seek to challenge his conviction in this proceeding.

     Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petitioner and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those same Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present

case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

***Discussion***

Petitioner pled guilty to the offense of Solicitation for Sex with a Person under the Age of 18, by Use of a Computer pursuant to 18 U.S.C. § 2422(b) (Doc. 1 at p. 19). Petitioner was originally classified as a "low" security level at the pre-trial stage but upon being sentenced in 2005 he was sent to a medium security prison. In 2009, he was sent to FCI-Marion and labeled a "high" security level (Doc. 1-1 at p. 1). Petitioner's habeas petition now seeks a reclassification of his security level. Petitioner argues that he is currently incorrectly labeled a "high" security level and that he should be labeled a "moderate" security level, which would allow him to be transferred to a prison near his home state of Florida. Petitioner claims that the Bureau of Prisons (BOP) has refused to consider his sentencing judge's request to house petitioner in south Florida near his family and that he believes that BOP and the warden of FCI-Marion is retaliating against him for filing grievances.

At the outset, this Court must independently evaluate the substance of Petitioner's claim to determine if the correct statute- in this case 28 U.S.C. § 2241 – is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (the court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper

route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location, or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.; see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn*, 309 F.3d at 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke*, 178 F.3d at 499. The change in classification and location, even if granted, would not result in a "quantum change" in his level of custody. As petitioner is seeking a change in his security classification, he is not challenging the fact of his confinement, but rather a condition of his confinement which is more properly raised in a 42 U.S.C. § 1983 suit and not a habeas petition.

Petitioner has also raised a claim of retaliation against the warden at FCI-Marion. Petitioner contends that the warden has retaliated against him by not lowering his security classification in retaliation for petitioner's filing of grievances. Such a challenge also does not request a "quantum change in the level of custody" but is more appropriately brought as a civil rights action. While courts sometimes construe a mistakenly labeled habeas corpus petition as a civil rights complaint, the Seventh Circuit has held that district courts should not do

this.  *See Graham*, 922 F.2d at 381-82 (collecting cases); *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24, (7th Cir. 1997).   It would be inappropriate to do so here, because petitioner would face a preliminary review under the Prisoner Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). 28 U.S.C. § 1915.  Petitioner would also be responsible for paying a higher filing fee and could be assessed a "strike" if the Court deemed the action frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).  Accordingly, the Court will not construe petitioner's petition as a civil rights claim under 42 U.S.C. § 1983.

### Disposition

For the reasons stated above, Section 2241 cannot provide petitioner with the desired relief, and this action is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Signed this 14th day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.14 13:22:38 -05'00'

**Chief Judge**
**United States District Judge**